**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LISA ANDRES and JAREN BRIGNAC, on behalf of themselves and all similarly situated individuals** | * * * * | **CIVIL ACTION** <br> **NO. 3:26-cv-00926** |
| **VERSUS** | * * | **JUDGE: SHELLY D. DICK** |
| **GARY WESTCOTT** | * * | **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |

*********************************************************************************

## MEMORANDUM IN SUPPORT OF MOTION TO STAY

NOW INTO COURT, through undersigned counsel, comes defendant, Gary Westcott, Secretary of the Louisiana Department of Public Safety and Corrections ("Defendant"), who files this memorandum in support of his Motion to Stay. Defendant requests that this Court invoke its inherent power to stay this case to promote judicial efficiency. Two purported class actions are currently pending in the Middle District, bringing the same claims brought in this lawsuit. *Brian Humphrey v. James LeBlanc*, No. 20-cv-00233 and *Joel Giroir v. James LeBlanc*, No 21-cv-00108. The class certification ruling in both cases are on appeal at the Fifth Circuit. *See Giroir v. LeBlanc*, No. 25-30644 (5th Cir.); *Humphrey v. LeBlanc*, No. 26-30301 (5th Cir.). The Fifth Circuit's ruling on these related cases will directly and fundamentally affect the procedure and the merits of this case. The appeal has been pending for a year, which suggests that a decision is imminent. As such, Defendant requests a stay of this matter pending the Fifth Circuit's ruling in *Humphrey* and *Giroir*. In the alternative, Defendant requests an extension of the time to file responsive pleadings until 21 days after the Court rules on this motion.

## I. Procedural Background

In September 2026, Plaintiffs filed this purported class action lawsuit against Secretary Westcott regarding alleged "overdetention." R.Doc.1. Plaintiffs bring claims under §1983 and state law claims seeking monetary damages. R.Doc. 1. Plaintiffs seek to represent a class of:

> all persons who have been legally remanded to the custody of DOC since August 29, 2024, and who were entitled to release at the time of their remand (either pursuant to sentencing or parole or probation revocation), but who were released by DOC more than 48 hours past the time that they were remanded to DOC's custody due to Defendant's failure to implement and maintain an adequate process for timely releasing people in DOC custody.

*Id.* ¶ 243.

Plaintiffs attached to their Complaint a Statement of Related Cases, identifying *Humphrey v. James LeBlanc*, No. 20-cv-00233 and *Giroir v. James LeBlanc*, No 21-cv-00108. *Humphrey* and *Giroir* involve markedly similar claims to those asserted here,[1] and both are purported class actions encompassing persons remanded or sentenced to DOC custody, "entitled to release at the time" of their sentencing, but who remained in custody "for more than 48 hours" after their sentencing or remand to custody. *See Humphrey*, No. 20-cv-00233, R.Doc. 260 at 115. Class certification was granted in the *Humphrey* and *Giroir* cases on September 22, 2025. *Id.* Notably, the certified class definition in *Humphrey* is nearly identical to the one proposed here, with only minor distinctions as to the relevant time period:

> All persons who have been remanded to the custody of the DOC since April 16, 2019, and who were entitled to release at the time of their remand (either pursuant to sentencing or parole revocation), but who were released by the DOC more than 48 hours past the date that they were remanded to the DOC's custody due to Defendant's failure to implement and maintain an adequate process for timely releasing inmates.

[1] The only notable differences are that *Humphrey* is a money damages class brought against former Secretary James LeBlanc and *Giroir* is an injunctive relief class seeking prospective relief, while this case is a putative money damages class against current Secretary Gary Westcott.

*Id.* Beyond the overlapping factual and legal issues in the case, the *Humphrey* and *Giroir* actions are brought by the same attorneys representing Plaintiffs here.

After the *Humphrey* and *Giroir* classes were certified, Defendant filed Petitions for Permission to Appeal Class Certification in both cases. The Fifth Circuit first granted the motion for permissive appeal in the *Giroir* case on November 5, 2025. *Humphrey*, No. 20-cv-00233, R.Doc. 266. The Appellant brief was filed in February 2026; the Appellee brief was filed in April 2026. On May 22, 2026, the Fifth Circuit granted the motion for appeal in the *Humphrey* case, *Humphrey*, No. 20-cv-00233, R.Doc. 278, and consolidated the *Humphrey* and *Giroir* appeals.

On October 16, 2026, LeBlanc filed Motions to Stay in the *Humphrey* and *Giroir* cases. *See* Exhibit 1. In those motions, LeBlanc asserted that the appeal on the class certification ruling has been pending for nearly a year, which suggests that a decision may be imminent, and that the numerous issues with the class certification order highlighted in his appellate briefing make it substantially likely that certification will be reversed. As such, LeBlanc sought a stay of proceedings to preserve the Court's and the parties' resources while the parties await the Fifth Circuit's guidance on how to proceed. Defendant adopts and incorporates the arguments in the memorandum in support of the motions to stay herein.

## II. Law and Argument

A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). When "determining whether a stay is proper, courts consider the interests of the parties and potential conservation of judicial resources." *Greco v. Nat'l Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015) (citing *Landis*, 299 U.S. at 254–55). This involves looking to the similarity

between the issues and claims of the cases and "the time reasonably expected for resolution of the 'other case.'" *In re Beebe*, 56 F.3d 1384, 1995 WL 337666, at *3 (5th Cir. 1995) (citation omitted).

"A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals." *Greco*, 116 F. Supp. 3d at 761; *accord In re Beebe*, 1995 WL 337666, at *3. "After all, it is decidedly *inefficient* to conduct parallel proceedings addressing the same underlying issues." *Homespire Mortg. Corp. v. Gold Star Mortg. Fin. Grp., Corp.*, No. CV 21-00306-BAJ-SDJ, 2023 WL 5167345, at *3 n.2 (M.D. La. Jan. 27, 2023). Here, the Fifth Circuit decision on the pending class certification appeal in the *Humphrey* and *Giroir* cases will undisputedly impact the procedure of this purported class action. As noted above, the *Humphrey* class involves an essentially identical class definition premised on the same claimed constitutional violation, which means that the same arguments as to why that class was improperly certified apply equally to the one alleged here. The Fifth Circuit's resolution of Defendant's arguments that qualified immunity precludes class certification and that the class cannot satisfy the various requirements of Rule 23(a) and (b)(3) will save the parties' extensive time and resources rather than litigating a motion to dismiss and class certification motion without that impending guidance.

The qualified immunity question is particularly crucial here. In the *Humphrey* appeal, LeBlanc contends that the fact-intensive nature of the qualified immunity defense, along with the requirement that it be resolved as soon as possible in litigation, precludes certification on a Rule 23(b)(3) class. Prior Fifth Circuit cases have questioned whether a 23(b)(3) case involving qualified immunity could ever be certified. *Jones v. Diamond*, 594 F.2d 997, 1022 n.24 (5th Cir. 1979), *on reh'g en banc*, 636 F.2d 1264 (5th Cir. 1981); *Bogard v. Cook*, 586 F.2d 399, 409 (5th Cir. 1978). Heeding that warning, other district court have declined to certify classes where

qualified immunity has arisen. *Alexander v. Hall*, No. 4:20-CV-21, 2024 WL 4268017, at *7–9 (N.D. Miss. Sept. 23, 2024); *Morrow v. Washington*, No. 2:08-CV-288, 2009 WL 2591382, at *1 (E.D. Tex. Aug. 20, 2009). The issue has not been definitively resolved, but *Humphrey* tees up the question for a clear resolution. If LeBlanc prevails and the Fifth Circuit holds that qualified immunity precludes a 23(b)(3) class, then there is no possibility that class certification can occur here. It would therefore be an entirely fruitless exercise to force the parties here to proceed with litigation, particularly regarding class certification, if the Fifth Circuit decides in the coming months that this case cannot proceed as a class action. And if LeBlanc is unsuccessful, that result would also streamline the resolution of class certification here.

Typically, the concern of granting a stay pending resolution of another case's appeal is the potential length of the delay and concerns about "a litigant in one cause be[ing] compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. Neither is inapplicable here for two reasons. First, as a practical matter, given that the *Humphrey* and *Giroir* appeals have been ripe for resolution by the Fifth Circuit for several months now, those cases should be decided soon and will "define the rights" of the litigants here as to class certification regardless of whether this case proceeds ahead or is stayed in the interim. If *Humphrey* and *Giroir* are any guide as to how this case will proceed, it took multiple years, extensive discovery, and a lengthy hearing before certification was resolved. So, in all likelihood, the parties would begin those arduous tasks only to have restart in light of the Fifth Circuit's ensuing decision. And second, because the litigants on both sides share the same counsel as the *Humphrey* and *Giroir* cases, there is little prejudice based on a stay. The arguments that will be raised on both sides here are the same ones presented in those appeals. There is no reason to expand

the parties' and this Court's resources adjudicating the same arguments they are litigating before the Fifth Circuit.

This Court should therefore grant the motion to stay. *Greco*, 116 F. Supp. 3d at 761; *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (granting stay where the court "anticipate[d] that the Fifth Circuit will issue a ruling in [another] case that addresses unresolved issues in the stayed case").

## III. Conclusion

Defendant asks the Court to exercise its inherent authority to stay this case pending the Fifth Circuit's ruling on the appeal of the class certification orders in the related *Humphrey* and *Giroir* cases. That decision will directly affect this case, and because the appeal has been pending for a year, a ruling should come soon. A stay in the meantime will conserve the resources of both the Court and the parties.

In the alternative, Defendant requests an extension to file responsive pleadings until 21 days after this Court rules on this motion to stay.

*(Signatures on Following Page)*

Respectfully submitted,

**ELIZABETH B. MURRILL**
**Attorney General**

By: s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
cjones@keoghcox.com
Collin J. LeBlanc (#24519)
Email: cleblanc@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, which will provide electronic notice of the filing to all CM/ECF participants. I further certify that all parties in this action are represented by CM/ECF participants.

Baton Rouge, Louisiana, this 21st day of October, 2026.

s/ Andrew Blanchfield
Andrew Blanchfield