**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| LISA ANDRES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>GARY WESTCOTT,<br><br>Defendant. | Civil Action No. 3:26-CV-0926<br><br>Judge Shelly D. Dick<br><br>Magistrate Judge Erin Wilder-Doomes |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

# TABLE OF CONTENTS

**Page**

BACKGROUND ........ 2
LEGAL STANDARD ........ 5
ARGUMENT ........ 5
I. This Case Does Not Present the Same Issues as the Appeals in *Humphrey* and *Giroir*, and a Fifth Circuit Decision in Those Appeals Will Not "Define the Rights" of the Parties in This Action ........ 6
II. The Balance of the Equities Weighs Against a Stay ........ 8
III. A Stay Under These Circumstances Would Be "Immoderate" and "of an Indefinite Duration" ........ 10
CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amgen Inc.* v. *Conn. Ret. Plans & Tr. Funds*,
568 U.S. 455 (2013) ....................6

*In re Beebe*,
No. 95-20244, 1995 WL 337666 (5th Cir. May 15, 1995) (per curiam) ....................5, 9, 10

*Caruso* v. *Allstate Ins. Co.*,
No. 06-2613, 2007 WL 625830 (E.D. La. Feb. 26, 2007) ....................5

*Crittindon* v. *LeBlanc*,
37 F.4th 177 (5th Cir. 2022) ....................7

*Douthit* v. *Jones*,
619 F.2d 527 (5th Cir. 1980) ....................7

*Hicks* v. *LeBlanc*,
81 F.4th 497 (5th Cir. 2023) ....................7

*Jones* v. *Flowers Food, Inc.*,
No. 21-cv-1858, 2023 WL 4002667 (E.D. La. June 14, 2023) ....................5

*Landis* v. *N. Am. Co.*,
299 U.S. 248 (1936) ....................5, 8

*League of Women Voters of La.* v. *Landry*,
No. 25-cv-0413, 2025 WL 3516786 (M.D. La. Dec. 8, 2025) ....................5, 9, 10

*McKnight* v. *Blanchard*,
667 F.2d 477 (5th Cir. 1982) ....................5, 10

*McNeal* v. *LeBlanc*,
90 F.4th 425 (5th Cir. 2024) ....................7

*Meadours* v. *Ermel*,
483 F.3d 417 (5th Cir. 2007) ....................7

*Parker* v. *LeBlanc*,
73 F.4th 400 (5th Cir. 2023) ....................7

*Porter* v. *Epps*,
659 F.3d 440 (5th Cir. 2011) ....................6, 7

*Rodriguez* v. *Blanche*,
839 F. Supp. 3d 564 (W.D. Tex. 2026)....7

*Thorpe* v. *Va. Dept. of Corr.*,
No. 20-cv-0007, 2023 WL 2908575 (W.D. Va. Apr. 12, 2023)....8

*Wedgeworth* v. *Fibreboard Corp.*,
706 F.2d 541 (5th Cir. 1983) ....5, 8, 10

*Williams* v. *Eadgear Holdings USA, Inc.*,
No. SA-13-CA-125-OLG, 2013 WL 12114865 (W.D. Tex. Aug. 2, 2013)....4

**Other Authorities**

Fed. R. Civ. P. 23 ....3, 6, 7

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiffs Lisa Andres and Jaren Brignac, through undersigned counsel, oppose Defendant Gary Westcott's motion to stay, ECF No. 16 ("Motion"), and supporting memorandum, ECF No. 16-1 ("Mem."). Defendant's request to stay these proceedings and attempt to unilaterally extend the court-ordered deadline for him to file a response to Plaintiffs' complaint is baseless and improper.

*First*, Defendant seeks to stay this case based on arguments and defenses he has yet to assert in this action. Defendant has ignored the October 26, 2026 filing deadline for a responsive pleading that he himself had requested, and having failed to assert any defenses, he cannot now rely on the purported overlap between those unasserted defenses and issues on appeal in separate actions.

*Second*, no ruling from the Fifth Circuit in *Giroir* v. *LeBlanc*, 25-30644 (5th Cir.) or *Humphrey* v. *LeBlanc*, 26-30301 (5th Cir.) will absolve Defendant Westcott of his obligation to respond to the complaint in this action. Thus, a stay would only needlessly delay this case, which will proceed regardless.

*Third*, Defendant fails to identify any preclusive effect the appeals in *Giroir* and *Humphrey* would have on this case. In fact, no decision in the ongoing appeals will define the rights of the parties in this action.

*Fourth*, the balance of equities, including the prejudice to Plaintiffs and putative class members, weighs heavily against a stay.

*Fifth*, Defendant's claim that a decision is imminent in the ongoing appeals is speculative and beside the point. Independent briefing in the *Humphrey* appeal has yet to commence, argument has not been scheduled in *Humphrey* or *Giroir*, and the outcome of those appeals will not establish anything dispositive here. Thus, a stay would be impermissibly indefinite in duration.

In sum, no stay in this case is warranted, and Plaintiffs respectfully request that the Court deny Defendant's Motion so that they may pursue relief on behalf of themselves and the many individuals who have been, are, and will continue to be overdetained by the Louisiana Department of Safety and Corrections ("DOC") as a result of Defendant's deliberate indifference.

## BACKGROUND

The *Humphrey* and *Giroir* Actions

DOC's widespread practice of unlawfully incarcerating thousands of people each year beyond the expiration of their sentence is longstanding and well-established. Following a series of individual challenges to this unconstitutional practice and astute questioning by the Fifth Circuit,[1] a group of plaintiffs filed two class action lawsuits. In *Humphrey* v. *LeBlanc*, 3:20-CV-0233 (M.D. La.), plaintiffs Brian Humphrey, Joel Giroir, and Bryant White, sued former DOC Secretary James LeBlanc in his individual capacity for his deliberate indifference to the overdetention crisis, seeking damages for themselves and a class comprising "all persons who have been remanded to the custody of the DOC since April 16, 2019, and who were entitled to release at the time of their remand (either pursuant to sentencing or parole or probation revocation), but who were released by the DOC more than 48 hours past the time that they were remanded to the DOC's custody." *Humphrey*, ECF No. 1, ¶ 4. In *Giroir* v. *LeBlanc*, 3:21-CV-0108 (M.D. La.), plaintiff Joel Giroir sued Secretary LeBlanc in his official capacity, seeking injunctive relief on behalf of himself and a class "all persons who were sentenced to the custody of the Louisiana DOC on or since February 17, 2020, or who will be sentenced to the custody of the DOC in the future, and who were, or will be, entitled to release at the time of their sentencing, but who nevertheless

[1] Acknowledging the systemic problem of overdetention in Louisiana, Judge Edith Jones asked: "why didn't someone file a class action?" Transcript of Oral Argument at 23:02-23:07, *McNeal* v. *LeBlanc*, Case No. 22-30180 (5th Cir. Sept. 6, 2023).

remain in custody, now or in the future, for more than 48 hours past their sentencing dates." *Giroir*, ECF No. 46, ¶ 4.

*Humphrey* and *Giroir* were consolidated for purposes of discovery. After years of delay by defendant LeBlanc in producing discovery, on Sept. 22, 2025, District Judge John W. deGravelles certified the classes in both actions. *Giroir*, ECF No. 164. Secretary LeBlanc appealed that certification order in both cases pursuant to Federal Rule of Civil Procedure 23(f). *See Humphrey*, No. 26-30301 (5th Cir.), ECF No. 2. Briefing in the *Giroir* appeal is complete; briefing in *Humphrey* has yet to commence; argument has not been scheduled in either appeal. Defendant LeBlanc recently moved to stay discovery in *Humphrey* and *Giroir*, which the plaintiffs in those cases have opposed. *Humphrey*, ECF No. 289.

<u>The Instant Action</u>

In August 2024, Secretary LeBlanc stepped down and Secretary Gary Westcott, the Defendant in this case, assumed oversight of DOC. Secretary Westcott knew exactly what he was inheriting with respect to DOC's overdetention practices when he assumed his current role, and yet for over two years now, he has done little to meaningfully address and nothing even aimed at fully remediating that crisis. ECF 1.

Plaintiffs Lisa Andres and Jaren Brignac were overdetained during the period that Defendant Westcott has been at the helm of DOC. ECF No. 1. Ms. Andres was held at least 101 days past her release date, during which she lost her apartment, was confined in degrading conditions, and was unable to support family members during their health crises. *Id.* ¶¶ 21, 204. Mr. Brignac was held at least nine days past his release date, during which time he was exposed to physical danger, including a physical altercation with another incarcerated man. *Id.* ¶¶ 23, 28, 230. They filed this putative class action on August 28, 2026, challenging Defendant Westcott's deliberate indifference that resulted in their overdetention and the rampant overdetention that

continues to deprive thousands of Louisianans of their constitutional right to liberty each year. *Id.* ¶¶ 7–8, 40, 92-99, 106-07, 137–43, 280–89. Defendant Westcott is sued in his individual capacity. *Id.* ¶ 41.

On September 28, 2026, Defendant moved to extend the time to file his responsive pleadings to October 26, 2026, which this Court subsequently granted. ECF Nos. 12, 14. Defendant then filed this Motion on October 21, 2026, in which he seeks to further delay that deadline until the Fifth Circuit rules on the consolidated appeals of *Giroir* v. *LeBlanc*, No. 25-30644 (5th Cir.) and *Humphrey* v. *LeBlanc*, No. 26-30301 (5th Cir.), or in the alternative, until twenty-one days after this Court rules on the stay. Mem. at 6. Defendant did not file any responsive pleading by the court-ordered deadline.[2]

The issues in the consolidated *Humphrey* and *Giroir* appeals and those before this Court are distinct. In *Humphrey* and *Giroir*, appellant LeBlanc seeks only to overturn the district court's class certification order. *See* Mem. at 3; *see also Humphrey*, No. 25-90028 (5th Cir.), ECF No. 2. In this case, there is no class certification motion, no motion to dismiss, no answer, nor any Order or other pending motion presenting any defenses or other substantive issues at all. The *Humphrey* and *Giroir* actions concern former-Secretary LeBlanc's knowledge and conduct while he oversaw DOC. This nascent action seeks redress for unconstitutional overdetention stemming from Defendant Westcott's knowledge and conduct since he assumed office in August 2024, approximately four years after the *Humphrey* litigation began. ECF No. 1 ¶¶ 36, 40, 133–43, 243, 280–84.

---

[2] Defendant may not unilaterally modify the deadlines established by an order of this Court. *See Williams* v. *Eadgear Holdings USA, Inc.*, No. SA-13-CA-125-OLG, 2013 WL 12114865, at *2 (W.D. Tex. Aug. 2, 2013) ("No party or attorney can, on his own, grant defendants an extension of time to file a responsive pleading."). Plaintiffs reserve all rights regarding any untimely filed responsive pleading from Defendant, including to move to strike.

**LEGAL STANDARD**

"Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis* v. *N. Am. Co.*, 299 U.S. 248, 255 (1936); *accord In re Beebe*, No. 95-20244, 1995 WL 337666, at *4 (5th Cir. May 15, 1995) (per curiam). Only when the separate litigation will "define the rights" of parties in both litigations is a stay warranted on this basis. *Id.* Accordingly, courts in this Circuit have denied motions to stay where the parties are different and where resolution of the separate appeal would "not have any preclusive effect on th[e] matter," even when the parallel case has "some overlapping issues." *See, e.g.*, *Jones* v. *Flowers Food, Inc.*, No. 21-cv-1858, 2023 WL 4002667, at *2 &n.10 (E.D. La. June 14, 2023); *see also Caruso* v. *Allstate Ins. Co.*, No. 06-2613, 2007 WL 625830, at *3 (E.D. La. Feb. 26, 2007) (denying motion to stay premised on pending appeal of parallel case raising similar issues because issues were not identical and not all issues in pending case would be resolved by appeal).

In addition to the required overlap of issues, courts in this District weigh the hardship to the movant, prejudice to the non-movant, and judicial economy. *League of Women Voters of La.* v. *Landry*, No. 25-cv-0413, 2025 WL 3516786, at *2 (M.D. La. Dec. 8, 2025). Further, a stay may not be "immoderate" nor ordered for "an indefinite duration." *Wedgeworth* v. *Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (quoting *McKnight* v. *Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)) (denying stay where time to resolution of separate proceedings was uncertain).

**ARGUMENT**

Defendant argues that a stay is warranted because the consolidated appeals of the class certification order in *Humphrey* and *Giroir* allegedly present similar issues to those he suggests he may later raise in this case and because continued litigation allegedly would cause him undue hardship. As further set forth below, each of these arguments fails.

### I. This Case Does Not Present the Same Issues as the Appeals in *Humphrey* and *Giroir*, and a Fifth Circuit Decision in Those Appeals Will Not "Define the Rights" of the Parties in This Action

*First*, Defendant claims that the appeals of class certification in *Humphrey* and *Giroir* present "the same arguments" as those present in this case. Mem. at 4. But Defendant, having chosen to ignore a court-ordered deadline to respond to the complaint, has yet to raise *any* arguments in this case. For example, Defendant contends that the qualified immunity question is "particularly crucial here," *id.*, but he has not asserted a qualified immunity defense—or any other defense—in this case. Further, while Secretary LeBlanc has argued in the *Humphrey* action that qualified immunity precludes *class certification* in that case, he has not filed any dispositive motion asserting qualified immunity to escape liability, and the appeal of class certification in that action will not decide whether he is entitled to qualified immunity.[3] Indeed, no decision on the pending appeals of class certification in *Humphrey* and *Giroir* will reach any issue on the merits. *Amgen Inc.* v. *Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."). Accordingly, no result in the separate appeals will absolve Defendant of his obligation to respond to the complaint.

*Second*, any decision on qualified immunity for Secretary LeBlanc would not control here because Secretary Westcott and Secretary LeBlanc are different actors who engaged in different challenged conduct at different times. Qualified immunity asks whether an official acted unreasonably "in light of clearly established law *at the time of the violation*." *Porter* v. *Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (emphasis added). Defendant himself effectively concedes this point, representing that qualified immunity is a "fact-intensive" defense. Mem. at 4. The facts of *Humphrey* concern LeBlanc's personal knowledge and conduct and liability beginning as early as

[3] Qualified immunity is not at issue in the *Giroir* appeal.

2019. The facts of this case concern Defendant Westcott's personal knowledge and conduct beginning August 29, 2024, following years of overdetention litigation. ECF No. 1 ¶¶ 36, 41, 83–108, 243. Indeed, the Fifth Circuit had repeatedly addressed the problem, describing overdetention as "endemic in Louisiana." *Id.* ¶¶ 8, 106–07, 131. Classes had been certified in both *Humphrey* and *Giroir*. *Id.* ¶¶ 104, 106. Accordingly, any factual issues concerning Defendant Westcott's entitlement to qualified immunity beginning in 2024 are different from those at issue in the earlier-filed suit against his predecessor. Thus, Defendant's assertion that the "same" arguments are at issue in both cases, Mem. at 5, ignores that qualified immunity turns on what each official personally knew and personally did and did not do in response. *See Meadours* v. *Ermel*, 483 F.3d 417, 421–22 (5th Cir. 2007) ("[W]e have consistently examined the actions of defendants individually in the qualified immunity context.") (quoting *Jacobs* v. *West Feliciana Sheriff's Dept.*, 228 F.3d 388, 395 (5th Cir. 2000) ("[W]e examine each individual defendant's entitlement to qualified immunity separately.")).

*Third*, Defendant is wrong on the merits regarding qualified immunity and, to the extent Defendant purports to incorporate arguments made in Secretary LeBlanc's motion to stay briefing, Plaintiffs incorporate by reference the opposition thereto.[4] *See Humphrey*, ECF No. 289 at 4–8. Those include: (i) the Fifth Circuit has repeatedly held that the right to timely release is clearly established, *see Crittindon* v. *LeBlanc*, 37 F.4th 177, 188–90 (5th Cir. 2022); *Parker* v. *LeBlanc*, 73 F.4th 400, 408 (5th Cir. 2023); *Hicks* v. *LeBlanc*, 81 F.4th 497, 504 (5th Cir. 2023); *McNeal* v. *LeBlanc*, 90 F.4th 425, 430–33 (5th Cir. 2024); *Porter*, 659 F.3d at 445; *Douthit* v. *Jones*, 619

[4] Plaintiffs note that the Rule 23(f) appeals of class certification in *Giroir* and *Humphrey* are governed by a different standard than the one that governs here. *See Humphrey*, ECF No. 289 at 3–4. Even if the court were to order a stay in those cases, that result would not "inescapably dictate the ultimate result this Court must reach when applying a different legal standard with different elements in a different procedural posture." *Rodriguez* v. *Blanche*, 839 F. Supp. 3d 564, 579 (W.D. Tex. 2026).

F.2d 527, 532 (5th Cir. 1980); (ii) qualified immunity can be resolved on a class-wide basis in *Humphrey* because class members' claims are all based on "[defendant's] overall policies and how those policies led to constitutional violations," *Humphrey*, ECF No. 260 at 86–87; *see also Thorpe* v. *Va. Dept. of Corr.*, No. 20-cv-0007, 2023 WL 2908575, at *12 (W.D. Va. Apr. 12, 2023) (certifying 23(b)(3) class over qualified immunity predominance arguments because qualified immunity hinged on "individual defendant's knowledge of the risk of substantial harm" caused by challenged policy); and (iii) Defendant's authorities are inapposite. *See Humphrey*, ECF No. 289 at 7–8.

In short, Defendant's failure to raise and identify issues common to this case and the pending appeals in *Giroir* and *Humphrey* that will "define the rights" of the parties alone requires denying his Motion. *Landis*, 299 U.S. at 255.

## II. The Balance of the Equities Weighs Against a Stay

Although Defendant has failed to establish the precondition for a stay and the Court need not consider any additional factors, *see supra* Section I, Defendant has also failed to demonstrate cognizable hardship, and the prejudice to Plaintiffs and judicial economy weigh heavily against a stay.

A stay prejudices Plaintiffs by depriving them of their "rights to proceed without inordinate delay to a resolution of their claims." *Wedgeworth*, 706 F.2d at 546. During the pendency of a stay, the putative class would grow even more numerous as Defendant administers DOC's unconstitutional practice of overdetention, which continues to deprive thousands of their liberty each year. A stay would postpone relief for people who have suffered and who, like Ms. Andres and Mr. Brignac, will continue to suffer irreparable harm. Defendant claims that counsel's familiarity with the issues will somehow minimize prejudice to Plaintiffs, Mem. at 5–6, but he provides no explanation as to how counsel's familiarity with the issues could possibly mitigate the

harm that putative class members experiencing overdetention will suffer if resolution of this action is further delayed. Defendant cites no authority supporting this claim, and Plaintiffs have found none. Thus, the prejudice to Plaintiffs weighs heavily against a stay.

Defendant's only claimed burden is continued litigation, which is legally insufficient to support a stay. "[T]he usual inconveniences and costs that are associated with discovery practice" and the possibility of "re-litigating complex matters" do not justify a stay. *League of Women Voters*, 2025 WL 3516786, at *7 (citations omitted). Indeed, "every defendant in a lawsuit faces this 'inequity.'" *Beebe*, 1995 WL 337666, at *4. Defendant thus fails to demonstrate any cognizable hardship at all.

Defendant claims a stay would promote judicial efficiency by conserving the Court's time and resources, but, in fact, the opposite is true: granting a stay will undermine judicial economy "by prolonging inevitable litigation." *League of Women Voters*, 2025 WL 3516786, at *7. No decision on the appeals obviates Defendant's obligation to file a responsive pleading in this case—the appeals do not address the sufficiency of the complaint or the merits of the defenses in *Humphrey* or *Giroir*, let alone those in this case. *See supra* Section I. Further, Defendant's own cited authority confirms that he "overstate[s] the extent of judicial resources to be saved" by a stay because this case is nowhere near trial when "[e]xpenditure of judicial resources" is greatest. *Beebe*, 1995 WL 337666, at *5. Likewise, Defendant's own conduct belies his concerns for the parties' and the Court's resources. Defendant requested an extension of time to respond to the complaint, which the Court granted, then ignored that deadline altogether, *see* ECF Nos. 12, 14, and instead filed this Motion in an improper attempt to manufacture circumstances to justify his delay. Thus, Defendant has already involved the Court multiple times in a case where he has yet to file a responsive pleading and has engaged in self-help. That history hardly shows concern for

judicial resources. Courts in this District reject such gamesmanship and deny motions to stay under precisely these circumstances. *See League of Women Voters*, 2025 WL 3516786, at *7 n.5.

For the foregoing reasons, the balance of equities weighs heavily against a stay.

### III. A Stay Under These Circumstances Would Be "Immoderate" and "of an Indefinite Duration"

Finally, a stay in this case would be improper because it would be "immoderate" and "of an indefinite duration." *Wedgeworth*, 706 F.2d at 545 (quoting *McKnight*, 667 F.2d at 479). Courts "must carefully consider the time reasonably expected for resolution of the 'other case'" to ensure the stay is bounded by "reasonable limits." *Id.* (quoting *Landis*, 299 U.S. at 257). Defendant's representation that the *Humphrey* and *Giroir* appeals are ripe is speculative at best. Briefing has not yet begun in *Humphrey*, *see Humphrey*, 26-30301, ECF No. 28 (defendant LeBlanc requesting supplemental briefing); ECF No. 47 (ordering supplemental briefing), and oral argument is not set in either appeal. As Defendant's own cited authority confirms, beliefs regarding the imminence of forthcoming rulings may not "prove[] to be well founded." *Beebe*, 1995 WL 337666, at *3, *5 (finding equities no longer supported stay after prolonged delay in separate proceedings). And, as noted, regardless of the outcome of the appeals, the issues of liability in those cases will remain live. Defendant's requested stay, which "hinge[s] on completion of [the appeals,] is manifestly 'indefinite,'" providing yet another basis to deny his Motion. *Wedgeworth*, 706 F.2d at 545.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendant's Motion.

Respectfully submitted,

**THE PROMISE OF JUSTICE INITIATIVE**

*/s/ Cecelia Trenticosta Kappel*
Cecelia Trenticosta Kappel, La. Bar No. 32736
Samantha Pourciau, La. Bar No. 39808
Michael Allen, La. Bar No. 41142
Hacer Kandara, La. Bar No. 40417
1024 Elysian Fields Avenue
New Orleans, LA 70117
Telephone: (504) 529-5955
ctkappel@defendla.org
sbosalavage@defendla.org
mallen@defendla.org
hkandara@defendla.org

**MOST & ASSOCIATES**

*/s/ William Most*
William Most, La. Bar No. 36914
Caroline Gabriel, La. Bar No. 38224
201 St. Charles Avenue, Suite 2500, #9685
New Orleans, LA 70170
Telephone: (504) 509-5023
williammost@gmail.com
Carolinegabriel@mostandassociates.com

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Jeremy A. Benjamin*
Jeremy A. Benjamin (*pro hac vice*)
Domonique Collins (*pro hac vice*)
Joshua Stallings (*pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
jbenjamin@paulweiss.com
dcollins@paulweiss.com
jstallings@paulweiss.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which effectuates service on all parties through their counsel of record.

/s/ Jeremy A. Benjamin
Jeremy A. Benjamin