**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LISA ANDRES and JAREN BRIGNAC, on behalf of themselves and all similarly situated individuals** | * * * * | **CIVIL ACTION** <br> **NO. 3:26-cv-00926** |
| **VERSUS** | * * | **JUDGE: SHELLY D. DICK** |
| **GARY WESTCOTT** | * * | **MAGISTRATE JUDGE: ERIN WILDER-DOOMES** |

*******************************************************************************

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STAY**

NOW INTO COURT, through undersigned counsel, comes Defendant, Gary Westcott, Secretary of the Louisiana Department of Public Safety and Corrections ("Defendant"), who files this reply memorandum in support of his Motion to Stay. Defendant requests that this Court invoke its inherent power to stay this case to promote judicial efficiency. After Defendant filed this motion, the Fifth Circuit ordered supplemental briefing in *Humphrey* on whether the qualified immunity precludes class certification and whether the requirements of Rule 23(b) were satisfied. That supplemental briefing is now complete.

Plaintiffs built this case on *Humphrey* class action: they borrowed its class definition nearly word for word, certified to this Court that the cases are related, and plead the *Humphrey* and *Giroir* litigation as the very source of Secretary Westcott's alleged knowledge – yet they now ask the Court to treat the Fifth Circuit's pending review of that same class as irrelevant here. The Fifth Circuit ordered supplemental briefing on the very issue that will govern this case: whether a class can be certified where qualified immunity is at issue. Whether the *Humphrey* class met the various requirements of Rule 23(a) and (b)(3) will also affect the procedure and merits of this action. Because this case, seeking damages only, is in its infancy, prejudice to Plaintiffs is minimal. Requiring the parties to conduct parallel class proceedings in "decidedly inefficient." *Homespire*

*Mortg. Corp. v. Gold Star Mortg. Fin. Grp., Corp.*, No. CV 21-00306-BAJ-SDJ, 2023 WL 5167345, at *3 n.2 (M.D. La. Jan. 27, 2023) (emphasis omitted). The stay sought here is not indefinite; briefing in the *Giroir* and *Humphrey* appeals is complete and the parties can submit joint status reports to ensure the stay is not outlasting its justification. As such, this Court should exercise its inherent power to stay this matter pending resolution of the Fifth Circuit appeal in *Humphrey* and *Giroir*.

## I. Law and Argument

While Plaintiffs argue that this case does not present the same issues as the *Humphrey* and *Giroir* appeals, this argument is belied by Plaintiffs' pleadings. Plaintiffs' proposed class definition here is nearly identical to the class definition in *Humphrey*. Compare R.Doc 1 with *Humphrey*, No. 20-cv-00233, R.Doc. 260 at 115. Plaintiffs certified to this Court that *Humphrey* and *Giroir* involve "subject matter that comprises all of a material part of the subject matter and operative facts at issue in this action." R.Doc. 3. Further, Plaintiffs assert that the *Humphrey*/*Giroir* litigation is the alleged source of Secretary Westcott's knowledge of overdetention. R.Doc. 1 ¶ 102, 283. Plaintiffs attempt to use the certification orders in *Humphrey* and *Giroir* to assert that the class should be maintained in this case. R.Doc. 1, ¶ 242. *Humphrey*/*Giroir* appeals will decide whether a 48-hour overdetention class built on the Secretary's alleged "failure to implement and maintain an adequate process" can satisfy Rule 23 commonality and whether a class can be certified where qualified immunity defense is available –the very questions this nearly identical class presents.

The fact that a stay was sought prior to responsive pleadings being filed does not change the analysis. First, Defendant did not "ignore" the responsive pleading deadline. The motion to stay was filed prior to the responsive pleading deadline, and in the alternative, Defendant requested an extension to file responsive pleadings until 21 days after this Court rules on the motion to stay.

This request was timely. See FRCP 6(b)(1)(B). Second, the motion to stay outlines that Secretary Westcott will assert qualified immunity. Plaintiffs do not suggest that Secretary Wescott will waive the defense. Regardless, as outlined in Plaintiffs' own Complaint, the issues in *Humphrey* are identical to the issue in this case. The Fifth Circuit's ruling on the consolidated appeals will govern this case.

Plaintiffs' argument that any decision in *Humphrey* on qualified immunity will not control in this case because Secretaries Westcott and LeBlanc are different actors misses the mark. Plaintiffs plead the exact same theory against Secretary Wescott as pled against Secretary LeBlanc in *Humphrey*. Whether this theory supports a Rule 23(b)(3) class, and in particular whether qualified immunity precludes such a certification, is one legal question for both cases.

Given the overlapping issues that would define the contours of this case that that are ripe for decision at the Fifth Circuit, the balance of equities favor a short stay. Any prejudice to Plaintiffs is minimal. Plaintiffs seek damages, not injunctive relief, so Plaintiffs' claim of irreparable harm is incorrect. The case is in its infancy and a short stay pending the Fifth Circuit's resolution of serious legal issues would conserve the parties' and the Court's resources. And Defendant's hardship is real – not just ordinary litigation cost. If *Humphrey* is any indication, litigating class certification issues lasted *years*. Requiring Defendant to litigate identical certification issues in lieu of a short stay would cause Defendant irreparable harm. *See Earl v. Boeing Co*., 21 F.4th 895, 899 (5th Cir. 2021) ("escalating discovery demands" would impose "unrecoverable costs," especially because Rule 26(b)'s proportionality limits would operate very differently for named plaintiffs than for a certified class).

Finally, the requested stay is bounded and tied to a single ruling from the Fifth Circuit on a fully briefed record. Plaintiffs suggest that briefing in the *Humphrey* appeal "has yet to

commence." R.Doc. 21. at 5. Not so. Briefing was complete when Defendant filed his motion—The Fifth Circuit had told the parties in May that additional briefing in *Humphrey* would be done "only as necessary." Court Directive, *Humphrey v. LeBlanc*, No. 26-30301 (5th Cir. May 22, 2026), Doc. 6. After the motion to stay was filed, the Fifth Circuit ordered supplemental briefing in *Humphrey* on qualified immunity and Rule 23(b). Court Directive, *Humphrey v. LeBlanc*, No. 26-30301 (5th Cir.), Doc. 47. Both Plaintiffs and Defendant filed their briefs on November 10, 2026, so briefing is again complete on the appeal. To ensure that the requested stay does not outlast its justification, the parties can file joint status reports every 30 days to advise the Court of the posture of the Fifth Circuit appeal.

## II. Conclusion

Defendant respectfully asks the Court to exercise its inherent authority to stay this case pending the Fifth Circuit's decision in the consolidated appeals of the class certification orders in *Humphrey* and *Giroir*. Plaintiffs modeled their proposed class on the one certified in *Humphrey*, and the appeals will decide whether a class defined by that same 48-hour threshold and that same alleged "failure to implement and maintain an adequate process" can be certified at all. The appeals are fully briefed. A stay at this early stage will not prejudice Plaintiffs, who seek only damages for past overdetention, and it will spare the Court and the parties from litigating class certification twice. Any concern about duration can be addressed by requiring the parties to file joint status reports every 30 days until the Fifth Circuit rules. In the alternative, Defendant asks the Court to set Defendant's responsive-pleading deadline at 21 days after the Court rules on this motion.

Respectfully submitted,

**ELIZABETH B. MURRILL**
**Attorney General**

By: s/ Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
Christopher K. Jones (#28101)
cjones@keoghcox.com
Collin J. LeBlanc (#24519)
Email: cleblanc@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
701 Main Street (70802)
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by utilizing the CM/ECF system, which will provide electronic notice of the filing to all CM/ECF participants. I further certify that all parties in this action are represented by CM/ECF participants.

Baton Rouge, Louisiana, this 20th day of November, 2026.

s/ Andrew Blanchfield
Andrew Blanchfield